RICHARDSON and others *v.* DAY and others.

*(Circuit Court, N. D. Illinois.* February 16, 1885.)

INSOLVENCY — ILLINOIS STATUTE —FRAUDULENT PREFERENCE — ACTION TO SET
ASIDE.

No suit can be brought against the assignee of an insolvent, and a creditor
to whom he has made a conveyance in fraud of his other creditors, until a de-
mand has been made upon the assignee to sue, and he has refused so to do.

In Equity.

*Flower, Remy & Gregory,* for complainants.

*S. D. Puterbaugh* and *H. B. Hopkins,* for defendants.

GRESHAM, J. The demurrer to the bill in this case was argued last
Monday. Day Bros. & Co. were wholesale and retail dry-goods mer-
chants at Peoria, Illinois. On the twenty-eighth of September, 1884,
this firm was indebted to the defendant Charles B. Day, late a mem-
ber of the firm, and a brother of one of the partners of the firm, in
the sum of $200,000, and he was liable on the firm's paper for $500,-
000 more. On this date the firm transferred to Charles B. Day its
entire stock of goods, worth $300,000, in discharge of the amount due
him, and to secure him against loss on account of his liability upon
the firm's paper. Charles B. Day at once took possession of the prop-
erty transferred to him by bill of sale, which was the entire stock of
goods, and the firm at once suspended and ceased to do business. On
the ninth day of October following, the insolvent firm made an assign-
ment of their remaining property, under the statute of Illinois, to the
defendants Jack and Puterbaugh, for the benefit of the rest of their
creditors. The transfer to C. B. Day included the entire assets of the
firm, except some bills receivable, the face value of which was $40,-
000, but the actual value of which was less than $20,000. The bill
avers that in order to evade the statute of Illinois governing assign-
ments by insolvent debtors, and prohibiting preferences, it was agreed
between the firm and Charles B. Day that the former should, by a bill
of sale, transfer to the latter their entire stock of goods by way of
preference over the other creditors.

The bill also alleges that Jack and Puterbaugh, the assignees, have
neglected to take any measures for the recovery of the property trans-
ferred to C. B. Day, and that they do not intend to impeach the trans-
action between him and the assignors. The complainants, who have
a claim against the insolvent estate amounting to $7,700, bring the
suit to recover the property transferred to C. B. Day, and have the
proceeds thereof equally divided among all the creditors.

If it was true that the insolvent firm had determined to make an
assignment under the state law, and that C. B. Day knew of the in-
solvency and of this disposition, and, for the purpose of evading the
provisions of the law and preferring C. B. Day, it was agreed that the
transfer should be made to him first in pretended payment of his debt,

and that a formal assignment should be made subsequently, such a palpable evasion of the statute might not be sustained. But that question is not presented for decision. It is clear that no suit can be brought by the creditors against the assignees and Day until a demand has been made upon the assignees to sue, and they have refused to do so. The bill does not allege that before this suit was brought the creditors requested the assignees to sue, and they refused to comply. The assignees are the proper parties to bring all suits to recover property belonging to the estate.

Without expressing an opinion upon any of the other questions presented by the demurrer, it was sustained solely on the ground that the suit was brought by a creditor without a demand being first made upon the assignees to bring the suit.